In the Matter of the Petition of THOMAS McDONOUGH, Appellant, to Compel FRED C. LUNN, Administrator of the Estate of LILLIAN LUNN, also Known as LILLIAN McDONOUGH, Deceased, to File an Account, and for the Revocation of His Letters of Administration.

NEW AMSTERDAM CASUALTY COMPANY, Respondent.

First Department, December 1, 1916.

Decedent's estate — administration — revocation of letters upon proof that administrator was not husband of decedent.

Letters of administration issued to a person claiming to be the husband of a decedent should be revoked and he should be required to account where it is afterwards conclusively proven that he was not the husband of the decedent, but was bound by another marriage which is still in full force and effect.

APPEAL by the petitioner, Thomas McDonough, from a decree of the Surrogate's Court in the county of New York denying his application herein.

*Ambrose L. O'Shea*, for the appellant.

*Frederick Mellor* [*Charles T. Green* with him on the brief], for the respondent.

DOWLING, J.:

On September 4, 1914, Lillian McDonough (also known as Lillian Lunn) died in the city and county of New York. On September 11, 1914, Fred C. Lunn, claiming to be her surviving husband, petitioned for his appointment as administrator of her estate and letters of administration were thereafter issued to him by the Surrogate's Court of New York. In April, 1915, Thomas McDonough, the father of the decedent, petitioned the Surrogate's Court that Lunn be compelled to account as administrator and be removed as such, on the ground that Lunn was not married to his daughter, but was the lawful husband of Alice M. Martin, residing in the Commonwealth of Massachusetts. A citation having been issued, the respondent (the surety on Lunn's official bond in the sum of $3,000) filed its

First Department, December, 1916.        [Vol. 175.

answer, denying, on information and belief, all the allegations of the petition. Upon the trial of the issues before the surrogate, it appeared that after drawing from a savings bank $3,000 which stood in the name of the deceased, as well as a similar amount deposited in his own name, Lunn had disappeared and the surety had been unable to locate him. The following facts then were proven: Fred C. Lunn was also known as Fred Brown and Frederick C. Martin. On July 11, 1895, under his real name of Frederick C. Martin (he then being a resident of Harvard, Mass., and of the age of eighteen years) he married Alice M. Hardy at Bolton, Mass., the ceremony being performed by a justice of the peace. He lived with his wife until Labor Day, 1898, when he deserted her and she never afterwards saw him. The two children, the issue of the marriage, remained with the mother. No divorce was ever obtained by either party. The marriage between Frederick C. Martin and Alice M. Hardy is still in full force and effect. All these facts were proven conclusively, as well as the identity of Frederick C. Martin and Fred C. Lunn. Not only was Lunn's marriage (under his real name of Martin) to Alice M. Hardy proved, but there is not a shred of testimony that he was ever married to Lillian McDonough, nor any fact proven justifying such an assumption. He was not the husband of Lillian McDonough, was not entitled to administer upon her estate, and the application to compel him to account and to remove him as such administrator should have been granted.

The decree appealed from will be reversed, with costs to appellant against respondent, and the proceeding remitted to Surrogate's Court for appropriate action in accordance herewith.

CLARKE, P. J., LAUGHLIN, SMITH and DAVIS, JJ., concurred.

Decree reversed, with costs to appellant against respondent, and proceeding remitted to Surrogate's Court.